Motion for Lucas Appeals to certify. Overruled. Dock. 6-16-26; 4 Abs. 404; OS. Pend. 4 Abs. 537.

19915—George Szakovitz et v. Great Lakes Refining Company et. Motion for Lucas Appeals to certify. Overruled. Dock. 6-21-26; 4 Abs. 404. OS. Pend. 4 Abs. 572.

19923—Charles Binz v. Ida Dusha et. Motion for Lucas Appeals to certify. Overruled. Dock. 6-23-26; 4 Abs. 475; OS. Pend. 4 Abs. 573; OA. 4 Abs. 645.

19930—Lydia Schlenker, administratrix v. Industrial Commission. Motion for Lucas Appeals to certify. Overruled. Dock. 6-28-26; 4 Abs. 475; OS. Pend. 4 Abs. 588.

## Weekly Report of NEW CASES DOCKETED

### NEW CASES DOCKETED

Beck v. Brush .................................... 20133
Campbell v. Ind. Comm........................ 20136
Crawfard v. State ............................ 20135
Glascote Co. v. Albracht ...................... 20140
Lakewood (City) v. Bernstein et .............. 20137
Lehman v. Nat. Quarries Co................... 20138
Mason Rubber Co. v. Cummin-Blair Co........ . 20139
Seaboard Nat. Bk. v. Texas Co................. 20134
Toledo & Ind. R. R. Co. v. Pub. Util. Comm.
........................................ 20129-20130

#### OCT. 18, 1926

20129—Toledo & Indiana R. R. Co. v. Public Utilities Commission of Ohio; error to Public Utilities Commission of Ohio. Smith, Baker, Ecler & Eastman, Toledo, for pltf; C. C. Crabbe, J. W. Bricker, Columbus, for deft.

20130—Same v. Same; same. Same attys.

#### OCT. 20, 1926

20133—Parker Beck v. Howard J. Brush; motion for Mahoning Appeals to certify. Wilson, Hahn & Wilson, Youngstown, for pltf; Moore, Barnum & Hammond, Youngstown, for deft.

20134—Seaboard Nat. Bk. v. Texas Co; motion for Cuyahoga Appeals to certify. Wilkin, Cross & Daoust, Cleveland, for pltf; Squire, Sanders & Dempsey, Cleveland, for deft. OA. 4 Abs. 547.

#### OCT. 21, 1926

20135—John Crawford v. State of Ohio; motion for Portage Appeals to certify. W. J. Beckley, Ravenna, and Warren Thomas, Warren, for pltf.

20136—Wm. A. Campbell v. Industrial Commission of Ohio; motion for Hamilton Appeals to certify. Hightower, O'Erien & Porter, Cincinnati, for pltf; C. C. Crabbe, Columbus, and C. W. Baker, Cincinnati, for deft.

#### OCT. 22, 1926

20137—City of Lakewood v. A. Bernstein et; motion for Cuyahoga Appeals to certify. W. L. David, Cleveland, for pltf; E. C. Stanton and W. D. Sterner, Cleveland, for deft.

20138—Harold Lehman v. National Quarries Co.; motion for Allen Appeals to certify. J. W. Rockey and C. J. Miller, Lima, for pltf; Wheeler, Bentley & Neville, Lima, for deft.

#### OCT. 23, 1926

20139—Mason Tire & Rubber Co. v. Cummins Blair Co.; record certified for review and final determination by Cuyahoga Appeals. Tolles, Hogsett, Ginn & Morley, Cleveland, for pltf; Squire, Sanders & Dempsey, Cleveland, for deft.

20140—Glascote Co. v. Conrad Albracht; motion for Cuyahoga Appeals to certify. J. C. Barkley and Henderson, Quail, Siddall & Morgan, Cleveland, for pltf; White, Hammond, Brewer & Curtis, Cleveland for deft.

## THIS WEEK'S DIGEST Cases Published in the Abstract

### 35. ADMISSIONS.

In prosecutions under 12916 GC. for extortion in office, evidence of admissions made under oath before State Bureau of Account, held admissible when privilege is not claimed. Gould et v. State. OA. 4 Abs. 718.

See 315. Costs & Fees.

### 54. AGENCY.

Does fact that commission merchant departed from duty so as to sell quickly, though acting in good faith and justified by conditions, release liability of agency? Brewer Prod. Co. v. Long Co. OS. Pend. 4 Abs. 722.

### 191. BURDEN OF PROOF.

Where illegitimacy is alleged, the burden of proof is upon him who alleges and must be established by clear and convincing proof. Schlenker v. Ferdon. OA. 4 Abs. 714.

### 292. CONSTRUCTION.

When a contract of insurance is entered into where the terms thereof are made by the insurer, interpretation by the courts will be more favorable to the insured. U. S. Casualty Co. v. Thrush. OA. 4 Abs. 714.

See 647. Insurance.

### 297. CONTRACTS.

Is agreement of one to make home and care for people of such an intimate relation that damages for breach thereof cannot be measured by pecuniary standards? Smith v. Voss. OS. Pend. 4 Abs. 721.

### 313. CORPORATIONS.

Where the president of a Country Club who is in active charge of the corporation orders a club paper printed is the Country Club liable upon a suit on an account, when the president did not obtain authority from the Board of Directors? Szabadsag Pub. Co. v. Lakewood Country Club. OS. Pend. 4 Abs. 721.

### 315. COSTS & FEES.

Attorneys fee in favor of complainant's attorney are not to be taxed as part of the costs in bastardy proceedings where the statute under which such proceedings is brought does not expressly authorize such fee. (Construing 12115 GC. et seq.) Kirk v. State ex Hart. OA. 4 Abs. 719.

### 323. COURTS.

Can probate court under its power to settle estates settle ownership of stock and can Common Pleas on appeal determine the same question? Brown v. Bank Co. OS. Pend. 4 Abs. 720.

### 454. EMBEZZLEMENT.

In order to constitute, one must show intent to convert and such may be shown either by one refusing to pay over money in his care to an authorized person or denying receipt of said money when he has received it or in the case of a mayor if he does not include fines in his monthly report to the city council as required by statute. Koppe v. State. OA. 4 Abs. 715.

### 455. EMINENT DOMAIN.

Does failure to comply with 3627 GC. abrogate right of Commission in eminent domain proceedings? Park Comm. v. Wyman. OS. Pend. 4 Abs. 722.